JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Morris Bishop, appeals from his conviction and sentence for one count of trafficking in cocaine, a violation of R.C.2925.11, and one count of possession of cocaine, a violation of R.C.2925.11(A), following a trial by jury. Bishop received a prison term of eleven months on the trafficking charge and seventeen months on the possession charge, to be served consecutively. In his two assignments of error, Bishop challenges both his convictions as contrary to the manifest weight of the evidence. We disagree.
The charges against Bishop stemmed from a controlled buy conducted by a paid police informant. During the evening of the controlled buy, the paid informant drove around the targeted area wearing a radio transmitter while police officers tracked his progress in two separate vehicles. The paid informant first picked up a woman on Fergus Street in the Cincinnati neighborhood of Northside, having informed her that he was seeking to buy crack cocaine. Later, the woman had him stop and let her out to speak to a man on the street. The paid informant identified the man in court as Bishop. After speaking to the man, the woman got back in the paid informant's vehicle and directed him to a particular location, where the same man she had spoken to, the man identified as Bishop, approached the vehicle soon after the woman had departed the scene. Bishop allegedly opened the passenger door of the vehicle and asked the paid informant what he would like to purchase. The paid informant, who had broadcast Bishop's description as he approached, stated that he was interested in purchasing a twenty-dollar piece of crack cocaine.
According to the paid informant, Bishop then sold him a twenty-dollar piece of crack cocaine, which the paid informant paid for using marked money provided to him by the police. After Bishop left the vehicle, the paid informant used the transmitter to advise the police that the transaction was completed and to once again provide a description of Bishop. A police arrest team soon arrived on the scene. One of the officers on the team testified that when they arrived, they saw an individual who matched the description of Bishop scrambling to enter a nearby house. The officer testified that he went to the window of the house and saw Bishop, who was standing not more than ten feet away from the window, placing what appeared to be a plastic baggie under a mattress. The officer testified that he then withdrew from the window so Bishop would not see him.
The officer testified that he then spoke to the owners of the house who, after being apprised of the situation, gave their permission for the arrest team to enter and search the premises. The officer testified that he went right to the room where Bishop had placed something under the mattress and found several baggies of crack cocaine and powder cocaine.
Although challenging each of his convictions as contrary to the manifest weight of the evidence, Bishop's sole argument appears to be that the jury lost its way "when it relied upon the word of a paid police informant." Bishop provides no further elaboration for his argument. It is well settled that credibility determinations are generally consigned to the trier of fact, in this case the jury, which was in the best position to observe the paid informant's demeanor and judge his credibility. See State v. DeHass (1967), 10 Ohio St.3d 230, 227 N.E.2d 212, paragraph one of the syllabus. It should also be noted that Bishop's convictions were supported not only by the paid informant's testimony, but also by the testimony of the police officer, who had seen him hiding the crack cocaine under a mattress immediately before his arrest.
Accordingly, we hold that the jury's verdicts in this case were not contrary to the manifest weight of the evidence. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. Bishop's two assignments of error are overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrant, P.J., Gorman and Painter, JJ.